THE STATE EX REL. SOHI, APPELLANT, *v.* WILLIAMS, SECRETARY,
OHIO STATE DENTAL BOARD, ET AL., APPELLEES.

[Cite as *State ex rel. Sohi v. Williams* (1997), 80 Ohio St.3d 492.]

(No. 97–1399—Submitted November 4, 1997—Decided December 31, 1997.)

*Parneet S. Sohi, pro se.*

***Per Curiam.*** We affirm the judgment of the court of appeals for the reasons stated in its opinion. Absent special circumstances or a "dramatic fact pattern," postjudgment appeal constitutes a complete, beneficial, and speedy remedy which precludes extraordinary relief in mandamus. *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 531, 678 N.E.2d 1396, 1398. The court of appeals did not err in finding insufficient special circumstances to preclude application of the foregoing rule. As the court of appeals held:

"The R.C. 119.12 appeal remedy is complete and, if relator's contentions are correct, beneficial. There is no evidence that such a remedy would be significantly less speedy than this mandamus action. Indeed, the fact that the R.C. 119.12

appeal process may encompass more delay and inconvenience than a mandamus action does not prevent such appeal from constituting a plain and adequate remedy at law. * * * As to relator's argument that an R.C. 119.12 appeal will not undo the alleged failure to provide him with proper notice, the same argument can be made as to this mandamus action. The board has already held its hearing and issued an order against relator. As noted above, relator's R.C. 119.12 appeal, if successful, may result in a vacation of the board's order and a remand to the board for appropriate, lawful proceedings."

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.